U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAR 13 PM 4: 02

CLERK

BY (AW)
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JENNY A. AMANNA, )
Individually and on behalf of )
NR and GR, each a minor child, )
)
Petitioners, )
)
v. ) Case No. 5:17-cv-118
)
DUMMERSTON SCHOOL, )
WINDHAM SOUTHEAST SUPERVISORY )
UNION, )
JO CAROL RATTI, )
ERIC ALBRIGHT and )
JOANNA ALBRIGHT, )
)
Defendants.

**RULING ON DEFENDANTS' MOTIONS TO DISMISS**
(Docs. 21, 22, 23)

On July 5, 2017, Plaintiff Jenny A. Amanna filed an application for leave to proceed in forma pauperis. (Doc. 1.) On July 17, the application was granted and the Complaint filed. (Docs. 3, 4 (Compl.).)[1] Plaintiff alleges claims both on her own behalf and on behalf of NR and GR, her minor children, based on the bullying of GR while he was a student at Dummerston School and on a truancy proceeding brought against her. On October 6, Defendants Dummerston School, Windham Southeast Supervisory Union ("WSESU"), and Dummerston School Principal Jo Carol Ratti (collectively, the "School Defendants") moved to dismiss the Complaint. (Doc. 21.) On October 10, Defendants Eric Albright and Joanna Albright also moved to dismiss the Complaint. (Docs. 22, 23.) On December 7, after the time to respond to

---

[1] The court notes the copy of the Order granting Plaintiff in forma pauperis status sent to the address Plaintiff provided in her Notice of Pro Se Appearance was returned as undeliverable. *See* Docs. 2, 10. The notice of appearance states specifically "I understand that I am responsible for notifying the court of any changes to my mailing address." (Doc. 2.)

1

the motions to dismiss had passed, and the case was transferred to the undersigned, the court entered an Order allowing Amanna a further twenty days to respond.[2] As that deadline has now passed without a response from Amanna, the court proceeds to consider Defendants' motions.

**Background**

Plaintiff Amanna is self-represented and alleges six causes of action against Defendants: (1) negligent supervision, (2) malicious prosecution, (3) abuse of process, (4) negligent infliction of emotional distress/failure to protect, (5) violation of Fourteenth Amendment right to a free and appropriate education, and (6) assault/intentional infliction of emotional distress. (Doc. 4 (Compl.).) She seeks $1.5 million dollars in damages. *Id.* at 20.

Plaintiff Amanna alleges as follows. NR and GR were students at Dummerston School from September 2011 through October 2015. From 2012 through 2015, GR experienced verbal and physical abuse by a classmate, the daughter of Defendants Eric and Joanna Albright. By fall 2015, the verbal and physical abuse occurred and was reported to Principal Ratti daily. NR was witness to the abuse and acted as a protector of his brother GR.

Amanna alleges defendants were responsible for the care and supervision of NR and GR. The only action Defendants Dummerston School and Principal Ratti took was to have GR "sign a 'safety contract' that told G.R. he was safe at school." Compl. ¶ 24. Defendants assured Amanna that GR and NR would be safe but did nothing to prevent the bullying.

In October 2015, Amanna was accused by Defendant Eric Albright and the Dummerston school nurse of attempting to "physically take" the Albright's daughter out of class. Compl.

---

[2] The copy of the December 7 Order was not returned as undeliverable; a letter regarding a proposed discovery schedule sent December 19, however, was returned as undeliverable. *See* Docs. 35, 36. The court notes it is Plaintiff Amanna's responsibility to keep the court apprised of her current address.

2

¶ 37. After several requests, on October 28, Amanna met with Defendant Ratti and the Superintendent of WSESU. Amanna alleges Defendants told her the school would not take further action to address the bullying. Amanna responded that she was formally withdrawing NR and GR from Dummerston School and she would homeschool them until January 2016 when they would be enrolled in a new school. Amanna devised the homeschool course of action in partnership with the Vermont Department of Education's Homeschooling Director and Ratti.

NR and GR began to see a therapist to prepare to return to a new school in January 2016. NR began school fulltime in the new school. GR was still too traumatized to return fulltime and Amanna continued to homeschool him. Amanna alleges "Plaintiffs now all suffer from PTSD from the trauma of years of bullying while under Defendants' supervision." Compl. ¶ 53.

With regard to the Albright Defendants, Amanna alleges Eric Albright abused the power he held professionally as a police officer, engaging in intimidation and threats against Amanna including threatening to arrest her if she chaperoned a class trip of GR's and Albright's daughter in 2012. In 2014, Joanna Albright also engaged in intimidation and threatening behavior toward Amanna including blocking access to Amanna's driveway with her car for over ten minutes, approaching Amanna's car on foot in a threatening manner, and verbally abusing Amanna, GR and NR.

In January 2016, Amanna was charged with truancy by the Windham County States Attorney's Office. She alleges Defendant Ratti falsified NR and GR's attendance records for the 2012-15 school years, making false claims of unexcused absences. Amanna asserts Ratti made the false statements in an effort to protect herself from allegations she violated Vermont's anti-bullying statute, the children's "Fair and Appropriate Education" rights, and the Individuals with Disabilities in Education Act, and to damage the Plaintiffs' credibility.

At the initial hearing in state court, the court ordered NR and GR to reside with their father pending the outcome of the truancy charges. The charges were dismissed in December 2016. Amanna alleges, as a result of Ratti's false allegations, she lost custody of her children for more than a year and, at the time the complaint was filed, was still trying to regain custody.

## Analysis

The School Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and (6) arguing the court lacks subject matter jurisdiction over the claims and, alternatively, the claims fail to state a claim upon which relief can be granted. (Doc. 21.) The Albright Defendants argue parents may not file pro se claims on behalf of their children and the Albrights also move to dismiss the claims asserted against them under Rule 12(b)(6). (Docs. 22, 23.) As noted above, Plaintiff Amanna has not responded to the motions.

Amanna cannot enter an appearance for any other plaintiff. While litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"), a minor must have a representative, such as a general guardian, next friend, or guardian ad litem, and, if not an attorney, the representative must have the assistance of counsel. *See* Fed. R. Civ. P. 17(c). It is "well-established" that "a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding that non-attorney parent may not bring an action on behalf of his or her child)). A court may not properly make a merits determination of claims filed on behalf of a minor who is not properly represented. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

4

Accordingly, because Amanna is not an attorney, the claims alleged on behalf of GR and NR in her pro se Complaint must be dismissed without prejudice. *Cheung*, 906 F.2d at 62.

The Complaint seeks to state negligent supervision, negligent infliction of emotional distress, failure to protect, violation of the right to a free and appropriate education[3], assault, and intentional infliction of emotional distress claims. Each of these claims is made on behalf of GR and/or NR who are minors.[4] *See* Compl. ¶¶ 89-93, 108-19, 120-25, 126-31. Accordingly, these claims must be dismissed without prejudice because Amanna is not an attorney and cannot bring claims on behalf of minors GR and NR without representation.[5] *Cheung*, 906 F.2d at 62.

The claims remaining are Amanna's claims for malicious prosecution and abuse of process. A case is properly dismissed under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). The court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005). The court is also mindful of its obligation to afford "special solicitude" to pro se litigants: it is required to

---

[3] The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, "ensure[s] that all children with disabilities have available to them a free and appropriate education." 20 U.S.C. § 1400(d)(1)(A). While Amanna specifically references the IDEA in her Complaint, it is with regard to the alleged bully and not either of her children. *See* Compl. ¶¶ 34-36. There is no allegation that either NR or GR have a disability.

[4] Though the Complaint seeks to allege a claim based on the right to a free and appropriate education ("FAPE"), and parents have "independent, enforceable rights" under the IDEA, *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007), the Complaint does not assert a claim for violation of Amanna's IDEA rights. *See generally* Compl.; *see also* Compl. ¶¶ 120-25.

[5] The Albrights argue Amanna does not have standing to pursue claims on behalf of NR and GR because a state court awarded legal custody to their father. (Doc. 22 at 5-7; Doc. 23.) Given the determination not to consider the claims alleged on behalf of the minor children, the court does not reach this issue.

5

read a pro se plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016) (per curiam).

The plaintiff bears the burden of proof of establishing jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Federal courts only have subject-matter jurisdiction over two types of cases: those raising a federal question or those invoking diversity jurisdiction. *See* 28 U.S.C. §§ 1331-32. "A plaintiff properly invokes § 1331 [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To raise a claim under diversity jurisdiction, § 1332 requires that the amount in controversy in the case exceed $75,000 and that the matter is "between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity means "complete diversity of citizenship"; in other words, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Absent diversity jurisdiction or a statutory basis, a case should be dismissed under Rule 12(b)(1) if the complaint does not demonstrate the existence of a federal question. *Id.*

Amanna asserts jurisdiction is proper in this court because "[t]he claims asserted in this action arose within this district and the alleged damage occurred in this district." (Compl. ¶ 1.) Her allegations regarding the parties make clear the court does not have subject matter jurisdiction over the complaint based on diversity jurisdiction. *See* Compl. ¶¶ 3-10 (alleging both she and the individual defendants are Vermont residents). A close reading of the Complaint does not give rise to a federal claim asserted by Amanna. She does not cite a federal statute, such as 42 U.S.C. § 1983, or a violation of a federal constitutional right in connection with her malicious prosecution or abuse of process claims. Accordingly, in the absence of diversity

6

jurisdiction and because the complaint does not state a federal claim, the court must dismiss the remaining claims.

Section 1983 is not a source of substantive rights but is "a method for vindicating federal rights elsewhere conferred." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the Constitution or laws by a person acting under color of state law. 42 U.S.C. § 1983. So, to state a § 1983 claim for malicious prosecution, a plaintiff must allege a violation under color of state law of his Fourth Amendment constitutional rights in addition to the elements of malicious prosecution under state law. *See Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010). Vermont law provides a plaintiff filing suit for malicious prosecution must establish the defendant "instituted the proceeding against him (1) without probable cause, (2) with malice, and that (3) the proceeding terminated in [his] favor." *Anello v. Vinci*, 458 A.2d 1117, 1119 (Vt. 1983).

To state a § 1983 claim for abuse of process, a plaintiff must allege a deprivation of a right secured by the federal Constitution "under color of any statute, ordinance, regulation, custom, or usage, of any State," 42 U.S.C. § 1983, that "the defendants had an improper *purpose* in instigating the action[,] and that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution," *Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) (internal alterations, quotation marks, and citation omitted). Under Vermont law, "a plaintiff alleging the tort of abuse of process is required to plead and prove: 1) an illegal, improper or unauthorized use of a court process; 2) an ulterior motive or an ulterior purpose; and 3) resulting damage to the plaintiff." *Wharton v. Tri-State Drilling & Boring*, 824 A.2d 531, 536 (Vt. 2003) (internal quotation marks and citation omitted).

The court will not presume that Amanna meant to bring her malicious prosecution and abuse of process claims under both state and federal law. Her Complaint is devoid of any allegation of a violation of her federal Constitutional rights and she failed to file responses to Defendants' motions asserting her position. However, because the Second Circuit has cautioned that the court "should not dismiss a pro se complaint 'without granting leave to amend at least once,'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)), the court will accept an amended complaint should Amanna wish to pursue federal claims on her own behalf against Defendants.[6]

**Conclusion**

Defendants' motions to dismiss (Docs. 21, 22, 23) are GRANTED in part and DENIED in part. Plaintiff Amanna may not assert her minor children's claims pro se. Accordingly, all claims asserted on behalf of NR and GR are DISMISSED without prejudice. The remaining claims are DISMISSED for lack of subject matter jurisdiction. Amanna may file an amended complaint alleging federal claims on or before April 4, 2018. Failure to file shall result in

---

[6] The court does not find leave to amend futile notwithstanding School Defendants argument that Amanna's malicious prosecution and abuse of process claims fail as a matter of law because "School Defendants did not initiate any legal process against [her]." *See* Doc. 21 at 7. The Second Circuit has observed "the public prosecutor's role in a criminal prosecution will not necessarily shield a complaining witness from subsequent civil liability where the witness's testimony is knowingly and maliciously false." *White v. Frank*, 855 F.2d 956, 962 (2d Cir. 1988); *see also Levy v. City of New York*, 935 F. Supp. 2d 575, 589-90 (E.D.N.Y. 2013) ("Plaintiff has accused Defendants of providing false information to the prosecutor, and when such false information 'influences a decision whether to prosecute, [he] may be held liable for malicious prosecution." (quoting *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999)). Here, Amanna asserts Defendant Ratti made false claims of unexcused absences and created a false history of habitual truancy which she reported to the state to protect herself from allegations she violated the law. *See* Compl. ¶¶ 68-74.

8

dismissal of the case. Amanna is also reminded of her responsibility to keep the court informed of her current mailing address.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 13th day of March, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court